Wayne C. Mayer (62031)
Law Offices of Wayne C. Mayer
4619 Van Dyke Avenue
San Diego, CA 92116
(619) 281-9263
fax (619) 281-2963

**Material Witness:** MIGUEL ANGEL CRUZ MARCOS

FILED
08 MAR -7 AM 10: 24
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 08 MJ 8069 |
| Plaintiff, | DECLARATION OF COUNSEL IN SUPPORT OF FEE APPROVAL |
| vs. | |
| MIGUEL ANGEL CRUZ MARCOS, | |
| Defendant. | |

I, Wayne C. Mayer, declare:

1. The District Court appointed me to represent the material witness on January 29, 2008;

2. The initial complaint filed January 25, 2008 named one material witness in a material witness complaint, it was later determined the government had two material witnesses charged in separate material witness complaints against two juvenile defendants being prosecuted in state court juvenile court proceedings;

3. The AUSA Weiss filed two petitions in Imperial County Superior Court Juvenile Court under case number JJL 23946 and JJL 23947 charging two juvenile defendants with violations of United States Code sections 1324 (a)(1)(A)(ii) charging defendants with

-1-

08 MJ 8069

transporting two undocumented aliens into the United States regarding events occurring January 21, 2008;

4. Allegations in the reports indicated the driver of the suspect automobile was driving recklessly and avoiding arrest in addition to failing to yield to the authorities;

5. After being appointed by the court, I immediately initiated contact with the material witness MIGUEL ANGEL CRUZ MARCOS to attempt to locate a suitable surety and began a diligent search for a suitable surety;

6. I determined the material witness was detained at the Imperial County Jail located 110 miles from San Diego;

7. I contact a Spanish speaking interpreter to meet me at the Imperial County Jail to interview the material witness MIGUEL ANGEL CRUZ MARCOS charged in the material witness complaint;

8. January 19, 2008 I drove 110 miles to the Imperial County jail to interview my client which also required a return trip to San Diego of the same distance;

9. January 19, 2008 with the assistance of a Spanish speaking interpreter I met with the material witness and determined this case involved at least one other material witness and two defendants;

10. Discovery was extremely limited but included the charging documents and two DVDs of interviews of witnesses and defendant;

11. The material witness Miguel Angel Cruz Marcos told me he did not have any information regarding local contacts or persons who would be of assistance in signing on his behalf on a material witness bond, acting as surety or posting the required material witness bond in the amount of $5000;

12. I conducted a diligent search for a suitable surety and was convinced that I would not be able to locate a suitable surety;

13. I requested the interpreter contact the material witness family in Mexico and attempt to identify possible contacts who might be of assistance in the United States;

14. I had no contacts with people who seemed interested in being a surety for material witness;

15. January 29, 2008 with the prospect of not having a surety for the posting of the material witness bond I contacted defense attorneys Heather Cutip, Jason Aravisza and the AUSA John Weiss for expedited discovery and a request for a video taped deposition;

16. Negotiations with both defense counsel and the ASUA continued with the understanding that the parties were going to trial quickly. I was told a juvenile court trial date had been set for February 5, 2008 making a video deposition unnecessary;

17. January 29, 2008 I wrote letters to both defense attorneys Heather Cutip, Jason Anavisza and AUSA John Weiss to advise the parties of the need for a video deposition, trial or quick resolution;

18. I communicated directly with all parties by telephone advising that I represented the material witness and was ready to proceed to trial immediately;

19. Defense Attorney Heather Cutip advised that she would not be ready for trial on February 5 and would be moving the court for brief continuance;

20. Attorney Weiss indicated to me that he would not oppose a brief continuance and was looking at a trial date of February 19, 2008;

21. February 5, 2008 I requested counsel appear on my behalf for the continuance at juvenile court trial which was continued by the court to February 19, 2008;

22. During this time I was getting collect telephone calls from my client in the Imperial County jail and was told by co-counsel Ned Lynch that my client and his had been interviewed by a person or person unknown without my permission and it was necessary to make another trip to ICJ to interview my client regarding these unauthorized contacts and prepare the material witness for trial;

31. At approximately 11:00 am before Judge Ulloa the juvenile defendant JJL 23947 made an admission, the court made a true finding and the matter JJL 23947 was off calendar and set for disposition March 4, 2008;

32. AUSA Weiss indicated that he would immediately send DISMISSAL ORDER to the Federal Court in this case indicating the case was resolved and the material witness could be released and sent back to his country of origin and he indicated office would be served a copy of the DISMISSAL ORDER;

33. February 20, 2008 when I had not received a copy of the DISMISSAL ORDER from the AUSA Weiss that the material witness had been released I called his office and was advised the order had been prepared and submitted to the court and the witness released back to Mexico;

34. Shortly after my telephone call with the AUSA I received and reviewed the DISMISSAL ORDER for the material witness MIGUEL ANGEL CRUZ MARCOS;

35. Enclosed you will find my voucher attachment in support of this request that you declare this case extended or complex and/or grant fees in excess of the maximum rate of $1500.00 per witness. In this case, the court ordinarily would pay fees of $1500.00 without finding this case to be either extended or complex. This case was one that was to require a trial in juvenile court, contact with the court on trial date with the intention of proceeding to trial, client and counsel presence for trial and preparation for trial in spite of the fact that the trial was cancelled at the last minute, preparations for it were necessary.

36. Travel alone to ICJ totaled 15 hours for the initial client interview for bond purposes, prepare the client for trial and investigate the unauthorized contact with client prior to trial and travel to Imperial County for the actual trial resulted in 15 hours of travel time in this matter but was absolutely necessary;

1  37. Under the circumstances of this case I request the court find that 27.7 hours for attorney
2     hours in the amount of $2770.00 in attorney fees were necessary and reasonable to represent
3     the material witness and $360.15 in expenses all related to travel and phone calls were
4     reasonable and necessary expenses for a total of $3130.15.;
5  I make this declaration under the penalty of perjury and the laws of the State of California.
6  Dated: 2-25-08

                      WAYNE C. MAYER
                      Attorney for MIGUEL ANGEL CRUZ MARCOS

-6-

08 MJ 8069